1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  THURL H. LIGHT,                          Case No.  1:24-cv-01508-HBK (PC)

12                 Plaintiff,               SCREENING ORDER FINDING
                                            COMPLAINT FAILS TO STATE A CLAIM
13           v.                             AND DIRECTING PLAINTIFF TO FILE AN
                                            AMENDED COMPLAINT, STAND ON
14  FRESNO COUNTY, et al.,                  COMPLAINT, OR FILE VOLUNTARY
                                            DISMISSAL [1]
15                 Defendants.
                                            (Doc. No. 1)
16
                                             MARCH 28, 2025 DEADLINE
17

18          Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se civil rights

19  complaint filed under 42 U.S.C. § 1983 by Thurl Light—a pretrial detainee.  (Doc. No. 1,

20  "Complaint").  Upon review, the Court finds the Complaint fails to state any claim.  The Court

21  affords Plaintiff the option to file an amended complaint or voluntarily dismiss his Complaint

22  before recommending the district court dismiss this action.

23                            **SCREENING REQUIREMENT**

24          A plaintiff who commences an action while in prison is subject to the Prison Litigation

25  Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief

26  against a governmental entity, its officers, or its employees before directing service upon any

27  ───────────────────

28  [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
    (E.D. Cal. 2022).

defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court's review is limited to the complaint, exhibits attached, and materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

The Rules permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of

2

1  transactions or occurrences" where "any question of law or fact common to all defendants will

2  arise in the action."  Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added).  But the Rules prohibit

3  conglomeration of unrelated claims against unrelated defendants in a single lawsuit.  A litigant

4  must file unrelated claims in separate lawsuits.

5       If an otherwise deficient pleading can be remedied by alleging other facts, a *pro se* litigant

6  is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v.*

7  *Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr*., 66 F.3d

8  245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a *pro se* litigant on

9  how to cure the defects.  Such advice "would undermine district judges' role as impartial

10  decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131

11  n.13.  Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad

12  faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by

13  amendments previously allowed . . .."  *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892

14  (9th Cir. 2010).

15  **SUMMARY OF THE COMPLAINT**

16       Plaintiff, a pretrial detainee at the Fresno County Jail, filed a civil rights action under 42

17  U.S.C. § 1983, alleging violations of the Eighth Amendments due to failure to protect, deliberate

18  indifference, and negligence.  (Doc. No. 1 at 1-6).  Plaintiff asserts Defendant Sotaso ("Officer

19  Sotaso") failed to protect him when he was assaulted by two other inmates in an elevator on May

20  2, 2024.  (*Id*. at 3-6).  Specifically, at approximately 5:10 p.m., Plaintiff was returning from the

21  jail yard, which is located on the roof of the facility to return to his cell and Officer Sotaso

22  operated and opened the elevator from "central control," to allow Plaintiff to enter while she

23  monitored the incident on camera.  (*Id*. at 3-8).  After entering the elevator, the doors closed, but

24  "randomly and wrongfully" reopened after 2-3 minutes.  (*Id*. at 3, 8).  Plaintiff states that the two

25  inmates then entered the elevator and assaulted him for "reasons unknown."  (*Id*. at 8). Plaintiff's

26  colostomy bag was ripped out and he was struck "several times" in the face, head and upper torse

27  by the unidentified inmates.  (*Id*.).  Additionally, Plaintiff alleges that defendants County of

28  Fresno, the Fresno County Sheriff's Office, and the Fresno County Jail failed to protect him or

1  provide training.  (*Id*.).  The Complaint seeks $50 million in damages for the injuries Plaintiff

2  sustained from the elevator assault.  (*Id*. at 7).

3  **APPLICABLE LAW AND ANAYSIS**

4  **A.  Defendant Fresno County Jail Not a Person**

5  Initially, defendant Fresno County Jail is not *sui juris*.  Section 1983 only allows inmates

6  to file civil rights actions against a "person."  *See* 42 U.S.C. § 1983.  Because the Fresno County

7  Jail is "an inanimate building [and] . . . not a person who can be sued [under Section 1983]," the

8  complaint fails to assert a cognizable claim against it.  *See Mkhitaryan v. Las Vegas Metro.*

9  *Police*, No. 2:20-CV-2169-JAD-NJK, 2021 WL 6622257, at *2 (D. Nev. July 21, 2021); *see also*

10  W*ilson v. Pelican Bay State Prison*, 2018 WL 5850213, *4 (N.D. Cal. Nov. 6, 2018) (dismissing

11  Pelican Bay State Prison because it is "simply a building, not a government entity."

12  **B.  Defendants County of Fresno and Fresno County Sheriff -Failure to Train**

13  Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

14  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

15  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

16  of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at

17  678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

18  'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

19  550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.

20  *Id.*; *see also Twombly*, 550 U.S. at 556–57.

21  While Plaintiff's Complaint is indeed short, it fails to plausibly state a claim against

22  defendants County of Fresno and the Fresno County Sheriff's Office.  As to these defendants,

23  Complaint merely asserts in a conclusory manner that these entities failed to protect him by

24  failing to train.  (*See* Doc. No. 1 at 3-6).  As noted, this bald and conclusory statement without

25  any factual specificity is not entitled to the presumption of truth.  *Iqbal*, at 678.

26  "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an

27  official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or

28  (4) a decision or act by a final policymaker." *Jessen v. Cnty. of Fresno*, 808 F. App'x 432, 434–35

4

1    (9th Cir. 2020) (citing *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir.

2    2019) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611

3    (1978)).  To prevail on a *Monell* claim against any of the defendant entities based on a failure to

4    train theory, Plaintiff "must demonstrate that a municipality's failure to train amounts to

5    deliberate indifference to the rights of persons with whom the untrained employees come into

6    contact."  *Perez v. City of Fresno*, 98 F.4th 919, 931 (9th Cir. 2024) (cleaned up).  In this context,

7    deliberate indifference requires "proof that a municipal actor disregarded a known or obvious

8    consequence of his action."  *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  Generally, "a pattern

9    of similar constitutional violations, rather than proof of a single incident, is necessary to

10   demonstrate deliberate indifference."  *Perez*, 98 F.4th at 931 (cleaned up).  However, "single-

11   incident liability may exist in the rare case where 'the unconstitutional consequences of failing to

12   train' are "patently obvious.'"  *Id.* (quoting *Connick*, 563 U.S. 51, 63-64).

13          Throughout the Complaint, Plaintiff alleges without any factual specificity that defendants

14   County of Fresno and the Fresno County Sheriff's Office "failed to train."  (Doc. No. 1 at 3-6).

15   Beyond these bare, conclusory statements, however, the Complaint fails to assert any facts

16   establishing the need for more or better training, such that the inadequacy was likely to result in

17   constitutional harm, nor that defendants' failure to provide additional training in fact resulted in

18   the violation of Plaintiff's constitutional rights.  Without more than Plaintiff's mere conclusory

19   assertion that defendants "failed to train," fall far short of alleging a cognizable federal claim.

20          **C.  Defendant Sotaso  - Failure to Protect**

21          Plaintiff was a pretrial detainee at the county jail when the incident giving rise to his

22   Complaint occurred.  Therefore, Plaintiff's rights as a pretrial detainee, as opposed to a convicted

23   prisoner, arise under the Fourteenth Amendment instead of the Eighth Amendment; however, the

24   standard of review is largely the same.  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68

25   (9th Cir. 2016) (en banc) (under both the Eighth and Fourteenth Amendments, the plaintiff must

26   show that the defendants acted with deliberate indifference); *see also Mendiola–Martinez v.*

27   *Arpaio*, 836 F.3d 1239, 1246 n. 5 (9th Cir. 2016) ("Eighth Amendment protections apply only

28   once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the

potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment."). "[P]re-adjudication detainees retain greater liberty protections than convicted ones." *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). As a pretrial detainee, Plaintiff has the right to be protected from assault by other detainees. *Castro*, 833 F.3d at 1068.

To state a cognizable claim for failure to protect against an individual officer, a plaintiff must specifically plead as follows: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions exposed the plaintiff to a substantial risk of serious harm; (3) the defendant failed to take reasonable measures to abate that risk, despite a reasonable officer in the same situation recognizing the high degree of risk—making the consequences of the defendant's actions apparent; and (4) by neglecting to take such measures, the defendant caused the plaintiff's injuries. *Id.* at 1071. For the third element, the defendant's conduct must be "objectively unreasonable." *Id*. (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). Mere negligence or carelessness does not violate the Constitution. *Davidson v. Cannon*, 474 U.S. 344, 247-48 (1986).

The Complaint fails to provide any specificity as to any inmate that posed a serious risk of harm to Plaintiff. According to the Complaint, Officer Sotaso opened the elevator door from "central control," allowing the Plaintiff to enter the elevator where the assault occurred. (Doc. No. 1 at 5). Because of this act, as Plaintiff contends, Officer Sotaso "allowed two inmates to attack [him] and [ ] did not do anything to stop [the attack]." (*Id*.). Without more, the Complaint fails to aver that Officer Sotaso was aware of facts from which the Officer could infer that Plaintiff was under a substantial risk of harm or had time to intervene to stop the attack. Moreover, Plaintiff's own admission, the two inmates assaulted him for "unknown reasons." (*Id*. at 6). Thus, the Complaint fails to indicate that the Officer Sotaso, or even Plaintiff, was aware of any potential risk of harm. Thus, "in conceding he does not know why he was assaulted, Plaintiff has not alleged, and presumably cannot allege" that Officer Sotaso's operation of the elevator in reopening the door "'caus[ed] the injury that the plaintiff suffered' are required to state a Fourteenth Amendment failure to protect claim." *Darbouze v. Los Angeles Cnty. Sheriff*,

6

No. 2:18-cv-2964-CJC-JDE, 2019 WL 8012684, at *7 (C.D. Cal. Sept. 18, 2019) (citing *Castro*, 833 F.3d at 1070-71).  Accordingly, the Complaint falls woefully short of articulating a constitutional failure to protect claim.

### D.  Negligence State Law Claims

Although Plaintiff states that he exhausted his administrative remedies, the Complaint does not allege that Plaintiff complied with the exhaustion requirements of the Government Claims Act ("GCA") as to his pendent state law claims.  Cal. Gov't Code §§ 905, 905.2, 910, 911.2, 945.4, 950–950.2.  Under the GCA, a claimant may not maintain a state law tort cause action for damages against a public employee or "local public entity"[2] unless he has first presented a written claim to the state Victim Compensation and Government Claims Board, and the Board has acted on it.  *See* Cal. Gov't.Code §§ 900.4, 905, 905.2, 945.4, & 950.2.  State law claims are subject to dismissal for failure to comply with GCA.  *See Karim–Panahi v. LA. Police Dep't*, 839 F.2d 621, 627 (9th Cir.1988).  If Plaintiff has not done so, he must submit any such claim "not later than six months after the accrual of the cause of action." *See* Cal. Gov't.Code § 911.2.  Because Plaintiff does not affirmatively allege compliance with the GCA, the Complaint facially fails to state a tort claim for negligence.

Additionally, because Plaintiff has not stated a cognizable claim for relief under federal law, the Court need not analyze Plaintiff's state claims. *See, e.g., Smithee v. California Corr. Inst.*, 2019 WL 3842854, at *8 (E.D. Cal. Aug. 15, 2019) ("because Plaintiffs failed to state a cognizable claim under federal law [ ] the Court declines to expend limited judicial resources analyzing the merits of the state law claims"), report and recommendation adopted, 2019 WL 4260140 (E.D. Cal. Sept. 9, 2019).

### OPTIONS

To continue the prosecution of this action, Plaintiff must take one of the following three options no later than March 28, 2025.

---

[2] "Local public entity" is defined as "a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State, but does not include the State." Cal. Gov't Code § 900.4.

**First Option**:  Because the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if he chooses.  An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be free-standing and complete.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).  Plaintiff should use the Court's approved Prisoner Civil Rights Complaint Form to file his amended complaint and he must title it "First Amended Complaint."  For each cause of action and each defendant, Plaintiff must allege facts sufficient to show that the defendant violated his civil rights.  Plaintiff may not amend the complaint to add unrelated claims.

**Second Option**:  Plaintiff may file a "Notice to Stand" on his current complaint subject to the undersigned recommending the district court dismiss for the reasons stated in this Order.  If the Court dismisses this case finding that the complaint fails to state claim, the dismissal will count as a strike under the PLRA.[3]

**Third Option**:  Because no defendant has yet been served, Plaintiff may file a "Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)" which would preclude this action as counting a strike under the PLRA.

Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.* fails to perform any of the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action after its determination that the complaint failed to state a claim, which will count as strike under the PLRA.  *See* Local Rule 110; Fed. R. Civ. P. 41(b).

Accordingly, it is **ORDERED**:

1.      No later than March 28, 2025, Plaintiff must elect one of the three aforementioned options and deliver to correctional officials for mailing:  (a) a First Amended Complaint; (b);  a

---

[3] Under § 1915(g), "the three-strikes bar," prisoners who have had on three or more prior occasions a case dismissed as frivolous, malicious, or for failure to state a claim may be barred from proceeding in forma pauperis in future civil actions and required to prepay the filing fee in full.  *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).  Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim qualifies as a strike under § 1915(g).  *Lomax,* 140 S. Ct. at 1727.

1    "Notice to Stand on Complaint" as screened subject to the undersigned recommending the district

2    court to dismiss this complaint for the reasons stated in this Order; or (c) a "Notice to Voluntarily

3    Dismiss Action" without prejudice under Fed. R. Civ. P. 41 to avoid a strike.

4        2.    If Plaintiff fails to timely comply with this Court Order or seek an extension of

5    time to comply, the Court will recommend that the district court dismiss this action for Plaintiff's

6    failure to comply with this Court Order and prosecute this action.

7        3.    The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's

8    use as appropriate.

9

10   Dated:    February 27, 2025

11                                        HELENA M. BARCH-KUCHTA
                                          UNITED STATES MAGISTRATE JUDGE
12

9