UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURL H. LIGHT, II,<br><br>   Plaintiff,<br><br>  v.<br><br>OFFICER D. SOTASO,<br><br>   Defendant. | Case No. 1:24-cv-01508-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUBPOENA EVIDENCE<br><br>(Doc. No. 24)<br><br>ORDER DIRECTING CLERK TO CORRECT DOCKET CAPTION |

  Plaintiff, a pretrial detainee, proceeds pro se on his first amended civil rights complaint filed on March 7, 2025. (Doc. No. 12). As screened, the Court found the Complaint alleges a Fourteenth Amendment failure to protect claim against Officer D. Sotaso.[1] (Doc. No. 13). On July 24, 2025, defendant D. Sotaso filed a motion to dismiss and memorandum in support in response to the Complaint, which remains pending. (Doc. Nos. 17, 18). Plaintiff neither filed an amended complaint nor an opposition to defendant D. Sotaso's motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B); Local Rule 230(l).

  On October 17, 2025, Plaintiff filed a motion to subpoena evidence and motion for summary judgment.[2] (Doc. Nos. 24, 25). In his motion to subpoena evidence, Plaintiff requests

---

[1] Plaintiff did not name the County of Fresno., the Fresno County Jail or the Fresno County Sheriff Department as defendants in his First Amended Complaint. (Doc. No. 12). The Court will direct the Clerk to correct the caption to reflect only Officer D. Sotaso as the sole defendant.

[2] Given the potentially dispositive nature of Plaintiff's motion for summary judgment, the undersigned

the Court to issue a subpoena duces tecum for the May 2, 2024 video tape, medical records incident report, in connection the incident that is the subject of Plaintiff's claim, as well as Plaintiff's mental health records. (Doc. No. 24 at 2). Plaintiff does not indicate upon whom the subpoena should issue. (*Id*. at 1-2). Defendant filed oppositions to both of Plaintiff's motions. (Doc. Nos. 26, 27). Plaintiff elected not to file a reply to either motion. *See* Local Rule 230(l). For the reasons set forth below, the Court denies Plaintiff's motion to subpoena evidence without prejudice.

A parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. Rule Civ. P. 26(b)(1). Furthermore, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. If a defendant is in possession of documents, a party will serve a request for production so documents on the party pursuant to Rule 34. Fed. R. Civ. P. 34. Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand. *Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. 2007). See *States v. Int'l Union of Petroleum & Indus. Workers, AFL–CIO,* 870 F.2d 1450, 1452 (9th Cir.1989) ("Control is defined as the legal right to obtain documents upon demand.").

As a rule, a subpoena primarily is a mechanism for obtaining discovery and testimony from non-parties. Fed. R. Civ. P. 45 (a). The United States Marshals Service ("USM") handles Court requests for service of subpoenas and summons. These requests are burdensome, time-consuming and place significant demands on limited USM resources.

Pending is defendant D. Sotaso's motion to dismiss. For purposes of judicial efficiency, the court does not issue a discovery and scheduling order until the pleadings are closed. Plaintiff remains detained in the Fresno County Jail and defendant D. Sotaso is an employee of the Fresno County Sheriff's Office. Thus, while Plaintiff has identified documents that may be relevant, it appears the requested documents can be obtained through the discovery process without a

---

will issue a findings and recommendations separately to the district court on the motion consistent with 28 U.S.C. § 636(b)(1)(C).

subpoena by making a request for production of such documents from defendant D. Sotaso once the court directs the commencement of discovery. By using the discovery process to obtain the documents Plaintiff seeks, the Court will not be placing additional strain on the already limited USM resources. If, however, after making such a request upon the named defendant, defendant refuses to produce such documents because they do not have access or the legal right to obtain such documents, Plaintiff may renew his request for an issuance of a subpoena.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for a subpoena (Doc. No. 24) is DENIED without prejudice.
2. The Clerk of Court shall correct the docket to reflect that the County of Fresno, the Fresno County Jail, and the Fresno County Sheriff Department are not named as defendants in Plaintiff's First Amended Complaint filed on March 7, 2025 (Doc. No. 12).

Dated:     December 8, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE