UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURL H. LIGHT, II,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER D. SOTASO,<br><br>    Defendant. | Case No.  1:24-cv-01508-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 17)<br><br>FOURTEEN DAY DEADLINE |

Pending before the court is Defendant D. Sotaso's motion to dismiss filed on July 24, 2025. (Doc. No. 17). Plaintiff did not file an amended complaint nor an opposition to defendant's motion to dismiss and the time to do so has expired. Fed. R. Civ. P. 15(a); E.D. Cal. Local Rule 230 (l) (affording twenty-one days to file an opposition). This matter is deemed submitted on the record before the court. For the reasons set forth below, the undersigned recommends the district court grant in part and deny in part Defendant's motion to dismiss.

**I.     BACKGROUND**

Plaintiff initiated this action by filing a pro se civil rights complaint on December 11, 2024. (Doc. No. 1). On February 27, 2025, the court screened the complaint and found it failed to state any federal claim. (Doc. No. 9). The court advised Plaintiff of the deficiencies in the complaint and applicable law and afforded Plaintiff an opportunity to file an amended complaint. (*Id.*).

   On March 7, 2025, Plaintiff filed a first amended complaint alleging Eighth and Fourteenth Amendment violations arising from an incident on May 2, 2024, that occurred in the Fresno County Jail while he was a pretrial detainee. (Doc. No. 12). The following facts are set forth in the first amended complaint, which are accepted as true at this stage of the proceedings.

   Plaintiff as a pretrial detainee was housed in administrative segregation at the Fresno County Jail. (Id. at 5). While returning to his assigned housing from the rooftop yard, Plaintiff entered an elevator at 5:10 p.m. (*Id.* at 7). After entering the elevator alone, the doors closed but the elevator remained stationary for two to three minutes. (*Id.*). Defendant Sotaso, who was operating the elevator from Central Control, "wrongfully reopened" the elevator doors, permitting two general population inmates—allegedly "active gang members"—to enter. (*Id.*). These inmates assaulted Plaintiff due to his status as a protective custody inmate and because he openly identifies as gay. (*Id*. at 3, 7). The assault, which lasted for eight minutes, was observed by Defendant Sotaso via the surveillance camera without any intervention. (*Id*. at 7). During the assault, Plaintiff's colostomy bag was forcibly removed, exposing his organ, and he was struck repeatedly in the face, head, and torso. (*Id*. at 8).

   Plaintiff subsequently was escorted to medical care, where his wounds were treated, and he was prescribed pain medication. (*Id*. at 8). Plaintiff filed grievances regarding the incident and exhausted his administrative remedies through the Fresno County Jail's grievance process. (*Id.* at 9). Plaintiff alleged that Sotaso demonstrated deliberate indifference to his safety and failed to protect him from harm, in violation of his constitutional rights. (*Id*. at 3-5). As relief, Plaintiff seeks $50 million in damages for the injuries he sustained from the elevator assault. (*Id*. at 6).

   On March 18, 2025, the court screened the first amended complaint and found Plaintiff's rights arise under the Fourteenth Amendment instead of the Eighth Amendment due to his status as a pretrial detainee, as opposed to a convicted prisoner. (Doc. No. 13). Liberally construed, the court found the first amended complaint alleged sufficient facts from which this court may reasonably infer that Defendant Sotaso was aware of the substantial risk faced by Plaintiff, a protective-custody inmate who identifies as gay, if placed alone in an elevator with two active

1  gang members from the general population.  Further, despite having such knowledge, Defendant
2  reopened the elevator doors permitting these two inmates to enter the elevator with Plaintiff.
3  Defendant then observed the attack for eight minutes via a surveillance camera from Center
4  Control without intervening.  The court found the first amended complaint adequately stated a
5  cognizable Fourteenth Amendment claim for deliberate indifference and a failure to protect claim
6  against Defendant at the screening stage.

7  **II.   DENDENDANT'S MOTION TO DISMISS**

8  On July 24, 2025, Defendant Sotaso moved "to dismiss Plaintiff's First Cause of Action
9  for Violation of 8th Amendment Threat to Safety, Second Cause of Action for Violation of 8th
10 Amendment Deliberate Indifference, and Third Cause of Action for Violation of 14th
11 Amendment Failure to Protect because Plaintiff's Complaint fails to state a claim upon which
12 relief can be granted."  (Doc. No. 17 at 2).   In Defendant's memorandum in support of her
13 motion to dismiss, Defendant asserts that because Plaintiff's rights stem from the Fourteenth
14 Amendment, the Eighth Amendment claims must be dismissed.  (Doc. No. 18 at 2).  Further,
15 Defendant argues that Plaintiff fails to sufficiently plead a Fourteenth Amendment claim because
16 there is no allegation that Defendant Sotaso was "subjectively aware of risk."  (*Id*.).  Defendant
17 cites to *Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011) in support of her argument that
18 Plaintiff's failure to plead facts to support her awareness of  an "identified risk" is fatal to
19 Plaintiff's claim. (*Id*. at 6).  In the alternative, Defendant asserts a right to qualified immunity for
20 allegedly reopening the elevator doors before Plaintiff was attacked.  (*Id*. at 7).

21 **III.  STANDARD OF REVIEW**

22 A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the
23 legal sufficiency of a claim."  *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir.
24 2011). Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal
25 theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Id*.; *see
26 also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the
27 complaint must have sufficient facts to state a facially plausible claim to relief).  In deciding a
28 motion under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the

1 complaint and determines whether the factual allegations are sufficient to state a right to relief
2 above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr.*
3 *v. Brown*, 640 F.3d 1063, 1070 (9th Cir. 2011) (court accepts as true all material allegations in the
4 complaint, as well as any reasonable inferences to be drawn from them). *See also Starr v. Baca*,
5 652 F.3d 1202, 1216 (9th Cir. 2011) (distilling the *Iqbal* and *Twombly* principles in a Rule
6 12(b)(6) motion).

7 Because Plaintiff is appearing pro se, the court must construe the allegations of the first
8 amended complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also*
9 *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). Nonetheless, "a liberal
10 interpretation of a civil rights complaint may not supply essential elements of the claim that were
11 not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)
12 (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

13 A court's determination that a case proceeds past § 1915A initial screening does not
14 preclude granting a later-filed motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).
15 *Forte v. Hughes*, Case No. 1:13-cv-01980-LJO-SMS, 2014 WL 5603788, *1 (E.D. Cal. Nov. 3,
16 2014) (noting a screening order does not rule on the merits of the proposed action but instead
17 evaluates whether the claim is cognizable and is not a substitute for a 12(b)(6) motion); *see also*
18 *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. March 28, 2007)(citations omitted);
19 *Murphy v. Warren*, 2015 WL 363023, at *9, n. 1 (N.D. Ga. Jan. 27, 2015)(same) (citing
20 *Cusamano v. Sobek*, 604 F. Supp.2d 416, 435 (N.D.N.Y 2009)(a determination that a prisoner
21 complaint survives the initial § 1915A screening does not preclude later dismissal under Fed. R.
22 Civ. P. 12(b)(6) or § 1915(e)(2)).

23 **IV.     ANALYSIS**

24 Although the court found Plaintiff's deliberate indifference and failure to protect claims
25 emanate from the Fourteenth Amendment in its screening order, in his first amended complaint,
26 Plaintiff did label Claim I as "threat to safety" under the "Eighth Amendment" (Doc. No. 12 at 3);
27 Claims II as "deliberate indifference" under the "Eighth Amendment" (*id*. at 4); and Claim III as
28

"failure to protect" under the Fourteenth Amendment (*id*. at 4).¹ As Defendant correctly points out, as a pretrial detainee, Plaintiff's rights stem from the Fourteenth Amendment, as opposed to the Eighth Amendment. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016). Thus, to the extent that Plaintiff predicates liability upon Defendant Sotaso under the Eighth Amendment, the undersigned finds Plaintiff's claims fail as a matter of law.

The undersigned nonetheless finds the first amended complaint adequately states a deliberate indifference and failure to protect claim under the Fourteenth Amendment. Defendant cites to *Holden* in support of her argument that Plaintiff has not articulated sufficient facts that Sotaso was subjectively aware of and disregarded any known risk to Plaintiff. In *Holden*, the plaintiff, a pretrial detainee and sex offender, brought a claim for failure to protect and medical deliberate indifference stemming from an assault by three other detainees, including Jones. *Holden*, 663 F.3d at 339 (8th Cir. 2011). Holden argued he was placed at risk of substantial harm because he was a sex offender and because he was held in the protective custody pod with Jones, who was involved in a fight with another detainee just four days before Holden's altercation. *Id.* at 341. At the summary judgment stage, the district court found plaintiff failed to introduce any evidence that Jones' previous assault was against a sexual offender or that officials were aware of Jones' previous assault and thus the <u>evidence</u> was insufficient to show they knew of and disregarded a known risk by Jones, who was also held in the protective custody pod. *Id.* at 342.

Contrary to Defendant's argument, a pretrial detainee alleging a failure to protect claim under the Fourteenth Amendment is not required to aver facts to show subjective intent. The Ninth Circuit in *Castro* held that "the test to be applied under *Kingsley* ² must require a pretrial detainee who asserts a due process claim for failure to protect to prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* at 1071. The Ninth Circuit identified four elements a pre-trial detainee must be able to show to sustain a failure-to-protect

---

¹ In its screening order, the court construed Plaintiff's first and second claims—threat to safety and deliberate indifference, respectively—as reiterations of his Fourteenth Amendment failure to protect claim against the sole Defendant, which Plaintiff explicitly asserted in his third claim. (Doc. No. 13 at 1, fn. 2).
² *Kingsley v. Hendrickson*, ⸺ U.S. ⸺, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015).

1    claim against individual officers: (1) the defendant made an intentional decision as to the
2    plaintiff's conditions of confinement, (2) those conditions put the plaintiff at substantial risk of
3    serious harm, (3) the defendant did not take reasonable available measures to abate that risk, even
4    though a reasonable officer in the circumstances would have appreciated the high degree of risk
5    involved—making the consequences of the defendant's conduct obvious, and (4) by not taking
6    such measures, the defendant caused the plaintiff's injuries. *Id.*

7    Here, Plaintiff avers that Defendant Sotaso who was operating the elevators from Central
8    Command opened the doors to permit Plaintiff, who was on administrative segregation due to his
9    sexual orientation, to enter the elevator and close the doors behind him. Defendant then
10   intentionally reopened the doors, with Plaintiff still inside, and permitted two known gang
11   members who were housed in general population to enter the elevator with Plaintiff. Defendant
12   then watched the assault for eight minutes without taking any action to intervene or halt the
13   assault. At the pleading stage, construing the allegations liberally and assuming these facts to be
14   true, the undesigned finds Plaintiff has "plausibly suggest[ed] an entitlement to relief" to survive
15   a motion to dismiss on his deliberate indifference and failure to protect claims under the
16   Fourteenth Amendment. *Twombly,* 550 U.S. at 555.

17   With regards to Defendant's assertion of qualified immunity, at the motion to dismiss
18   stage, "dismissal is not appropriate unless [the court] can determine, based on the complaint itself,
19   that qualified immunity applies." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting
20   *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001)). The Supreme Court made clear that
21   "prison officials have a duty to protect prisoners from violence at the hands of other prisoners"
22   because corrections officers have "stripped [the inmates] of virtually every means of self-
23   protection and foreclosed their access to outside aid." *Farmer v. Brennan*, 511 U.S. 825, 833
24   (1994) (internal quotation marks and ellipsis omitted). Further, the Supreme Court has long
25   recognized that the due process rights of a pretrial detainee are "at least as great as the Eighth
26   Amendment protections available to a convicted prisoner." *City of Revere v. Mass. Gen. Hosp.*,
27   463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). "The Supreme Court need not
28   catalogue every way in which one inmate can harm another for us to conclude that a reasonable

official would understand that his actions violated [a pretrial detainee's] right." *Castro v. Cnty. of Los Angeles*, 833 F.3d at 1067. Further, the Ninth Circuit has long recognized the "danger creation" exception where a state actor affirmatively creates the particular danger that exposed the plaintiff to violence. *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992).

Thus, the undersigned does not find that Defendant is entitled to qualified immunity on the face of the first amended complaint at the motion to dismiss stage.

Accordingly, it is **RECOMMENDED**:

Defendant's motion to dismiss (Doc. No. 18) be granted to the extent that Plaintiff's Eighth Amendment claims be dismissed but Plaintiff be permitted to proceed on his deliberate indifference and failure to protect claims against Defendant Sotaso under the Fourteenth Amendment.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   December 17, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE