UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURL H. LIGHT, II,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER D. SOTASO,<br><br>    Defendant. | Case No.  1:24-cv-01508-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1]<br><br>(Doc. No. 25)<br><br>FOURTEEN DAY DEADLINE |

Pending before the court is Plaintiff's motion for summary judgment filed on October 17, 2025. (Doc. No. 25). Defendant filed an opposition on November 5, 2025. (Doc. No. 26). Plaintiff elected not to file a reply. E.D. Cal. Local Rule 230 (l) (affording fourteen days to file a reply). This matter is deemed submitted on the record before the court. For the reasons set forth below, the undersigned recommends the district court deny Plaintiff's motion for summary judgment.

**I.    BACKGROUND**

Plaintiff proceeds pro se on his first amended complaint as screened. (Doc. Nos. 12, 13). Defendant D. Sotaso's filed a motion to dismiss on July 24, 2025. (Doc. No. 17). On December 17, 2025, the undersigned issued findings and recommendations on the Defendant's motion to

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2025).

dismiss, which remain pending.  (*See* Doc. No. 29).

## II.    OPERATIVE PLEADINGS

Plaintiff's motion for summary judgment consists of a single page with a request for summary judgment.  (Doc. No. 25, "MSJ").  In opposition, Defendant correctly notes that Plaintiff's MSJ "is devoid of a notice, admissible evidence, legal authority, statement of undisputed material facts, or any argument" contrary to the requirement of Federal Rule of Civil Procedure 56.  (Doc. No. 26 at 2:14-15).

### APPLICABLE LAW

Federal Rule of Civil Procedure 56 requires summary judgment to be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).   The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets its burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue.  *Id*. at 324; *see also Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006) (per curiam).  If the party moving for summary judgment bears the burden of proof at trial, that party "must come forward with evidence which would entitle [him] to a directed verdict if the evidence went uncontroverted at trial."  *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc*., 213 F.3d 474, 480 (9th Cir. 2000) (citation omitted).  "In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."  *Id*.  A moving party who bears the burden of persuasion at trial must show that "the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008) (citation omitted).

## IV.    ANALYSIS

Plaintiff's MSJ fails to comport with the fundamental requirements of Rule 56.  Plaintiff has not carried his burden of identifying the material facts, let alone that no material fact is in dispute.  Indeed, the MSJ is procedurally and facially defective.

////

Accordingly, it is **RECOMMENDED**:

Plaintiff's motion for summary judgment (Doc. No. 25) be **DENIED**.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   December 17, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE