UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURL H. LIGHT, II,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICER D. SOTASO,<br><br>  Defendant. | Case No. 1:24-cv-01508-JLT-HBK (PC)<br><br>ORDER RECALLING DECEMBER 17, 2025 FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 29)<br><br>ORDER FINDING DEFENDANT'S MOTION TO DISMISS MOOT<br><br>(Doc. No. 17) |

Plaintiff initiated this pro se civil rights action while a pretrial detainee in the Fresno County Jail. Plaintiff proceeds on his amended complaint filed on March 7, 2025 against Defendant D. Sotaso. (Doc. No. 12). On July 24, 2025, after service, Defendant Sotaso moved "to dismiss Plaintiff's First Cause of Action for Violation of 8th Amendment Threat to Safety, Second Cause of Action for Violation of 8th Amendment Deliberate Indifference, and Third Cause of Action for Violation of 14th Amendment Failure to Protect because Plaintiff's Complaint fails to state a claim upon which relief can be granted." (Doc. No. 17 at 2). On December 17, 2025, the undersigned issued findings and recommendations to the district court to grant in part and deny in part Defendant's motion to dismiss. (Doc. No. 29). On December 18, 2025, Plaintiff lodged an amended complaint. (Doc. No. 31).

Plaintiff failed to timely file an amended complaint or respond to the motion to dismiss.

*See* Fed. R. Civ. P. 15(a)(1) and Local Rule 230(l) (E..D. Cal. 2025).  Plaintiff did not accompany his lodged amended complaint with a motion to accept its untimely filing by showing excusable neglect and good cause.  Fed. R. Civ. P. 6(b)(1)(B).  Nonetheless, the Ninth Circuit cautions "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  This is particularly true when the litigant is proceeding pro se.

Consequently, the Court will accept Plaintiff's lodged amended complaint and screen it before directing Defendant to file a response.  Based on the Court's acceptance of the lodged amended complaint, the Court finds it appropriate to vacate the December 17, 2025 findings and recommendations since Defendant's motion to dismiss is mooted by the amended complaint. *Frazier v. City of Fresno*, 2023 WL 1786228, at *1 (E.D. Cal. Feb. 6, 2023) ("Once an amended complaint is filed, the previous complaint becomes null and void, and generally any pending motion to dismiss that was directed at the previous pleading will be thus rendered moot.").

Accordingly, it is ORDERED:

1. The Court will permit Plaintiff to file his belated amended complaint filed on December 18, 2025 (Doc. No. 31).
2. The Clerk of Court shall docket Plaintiff's lodged amended complaint (Doc. No. 31) and title it "Plaintiff's Second Amended Complaint."
3. The Court denies Defendant's motion to dismiss (Doc. No. 17) as moot.
4. The Court recalls its December 17, 2025 findings and recommendations to the district court to grant in part and deny in part Defendant's motion to dismiss. (Doc. No. 29).
5. The Court will screen Plaintiff's Second Amended Complaint by separate order.

Dated:    December 22, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2