1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    THURL H. LIGHT, II,                          Case No.  1:24-cv-01508-JLT-HBK (PC)

12                     Plaintiff,                   SCREENING ORDER ON PLAINTIFF'S
                                                    SECOND AMENDED COMPLAINT
13            v.
                                                    (Doc. No. 33)
14    OFFICER D. SOTASO,
                                                    ORDER REFERRING CASE TO EARLY
15                     Defendant.                   ADR

16                                                   MARCH 2, 2026 DEADLINE

17

18            Pending before the court is Plaintiff's Second Amended Complaint filed on December 18,

19    2025.  (Doc. No. 33).  The following facts are set forth in the Second Amended Complaint, which

20    are accepted as true at this stage of the proceedings.

21    **I.       Allegations in Operative Complaint**

22            On May 2, 2024, Plaintiff was a pretrial detainee and placed in administrative segregation

23    ("ad-seg") housing at the Fresno County Jail.  (Doc. No. 33 at 4).  As a protective custody inmate

24    housed in ad-seg, other inmates are not "allowed access" to Plaintiff.  (*Id*. at 5).  While returning

25    to his assigned housing on the sixth floor from the rooftop yard, Defendant Sotaso "put Plaintiff

26    into the rooftop vestibule #2 elevator" and closed the doors.  (*Id.* at 4).  Despite the doors being

27    closed, the elevator remained stationary for two to three minutes.  (*Id*.).  Defendant Sotaso, who

28    was in Central Control operating the elevators, reopened the elevator doors to permit two general

1    population inmates—known "gang members"—to enter the elevator and assault Plaintiff.  (*Id*.).

2    Defendant Sotaso worked on Plaintiff's housing unit and knew Plaintiff was gay and in protective

3    custody.  (*Id*. at 5).  The two inmates also knew Plaintiff was gay and not in general population.

4    (*Id*.).  The assault, which lasted for eight minutes, was observed by Defendant Sotaso via the

5    surveillance camera without any intervention.  (*Id*. at 5).  During the assault, Plaintiff's colostomy

6    bag was "ripped off" and his "organ was bleeding."  (Id. at 5).  Plaintiff sustained injuries to his

7    "head, back, belly, and body."  (*Id*. at 5).

8        The Second Amended Complaint alleges Fourteenth Amendment violations against

9    Defendant Sotaso for Defendant's deliberate indifference to Plaintiff's safety by allowing the two

10   gang members inside the same elevator with Plaintiff, knowing Plaintiff was gay and in protective

11   custody, and Defendant's failure to protect Plaintiff by permitting the assault to continue for eight

12   minutes without taking any action despite viewing the assault from Central Control.  (*Id*. at 3-5).

13   As relief, Plaintiff seeks $50 million in damages for the injuries he sustained from the elevator

14   assault.  (*Id*. at 5).

15   **II.    Screening**

16       A plaintiff who commences an action while in prison is subject to the Prison Litigation

17   Reform Act ("PLRA"), which requires, inter alia, the court to screen a complaint that seeks relief

18   against a governmental entity, its officers, or its employees before directing service upon any

19   defendant.  28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and

20   dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon

21   which relief may be granted, or if it seeks monetary relief from a defendant who is immune from

22   such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

23       At the screening stage, the court accepts the factual allegations in the complaint as true,

24   construes the complaint liberally, and resolves all doubts in the plaintiff's favor.  *Jenkins v.*

25   *McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.

26   2003).  The Court's review is limited to the complaint, exhibits attached, materials incorporated

27   into the complaint by reference, and matters of which the court may take judicial notice.  *Petrie v.*

28   *Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c).  A court

1    does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted

2    deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical

3    to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See*

4    *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

5         To assert a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

6    constitutional or statutory right; and (2) that the violation was committed by a person acting under

7    the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

8    930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the

9    facts establish either the defendant's personal involvement in the constitutional deprivation or a

10   causal connection between the defendant's wrongful conduct and the alleged constitutional

11   deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d

12   740, 743-44 (9th Cir. 1978).

13        The Federal rules of Civil Procedure require only that a complaint include "a short and

14   plain statement of the claim showing the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2).

15   Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient

16   factual detail to allow the court to reasonably infer that each named defendant is liable for the

17   misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,

18   572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not

19   sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

20   *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not

21   required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22   statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required

23   to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.

24   2009) (internal quotation marks and citation omitted).

25        Because Plaintiff is appearing pro se, the court must construe the allegations of the first

26   amended complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also*

27   *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). Nonetheless, "a liberal

28   interpretation of a civil rights complaint may not supply essential elements of the claim that were

1  not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)

2  (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).  As a pretrial detainee,

3  Plaintiff's rights stem from the Fourteenth Amendment, as opposed to the Eighth Amendment.

4  *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016).

5  **III.    Analysis**

6          A pretrial detainee who asserts a due process claim "to prove more than negligence but

7  less than subjective intent—something akin to reckless disregard."  *Castro* 833 F.3d at 1071.  A

8  Fourteenth Amendment claim requires a pretrial detainee to show: (1) the defendant made an

9  intentional decision as to the plaintiff's conditions of confinement, (2) those conditions put the

10  plaintiff at substantial risk of serious harm, (3) the defendant did not take reasonable available

11  measures to abate that risk, even though a reasonable officer in the circumstances would have

12  appreciated the high degree of risk involved—making the consequences of the defendant's

13  conduct obvious, and (4) by not taking such measures, the defendant caused the plaintiff's

14  injuries.  *Id*.

15          Liberally construed, the court finds the Second Amended Complaint alleges sufficient

16  facts from which this court may reasonably infer that Defendant Sotaso was aware of the

17  substantial risk faced by Plaintiff, a protective-custody inmate who identifies as gay, if placed

18  alone in an elevator with two active gang members from the general population.  Further, despite

19  having such knowledge, Defendant reopened the elevator doors to permit these two inmates to

20  enter the elevator with Plaintiff.  Defendant then observed the attack for eight minutes via a

21  surveillance camera from Center Control without intervening.  Thus, the court finds the Second

22  Amended Complaint adequately states cognizable Fourteenth Amendment claims for deliberate

23  indifference and a failure to protect claim against Defendant at the screening stage to proceed.

24  **IV.    Referral to Early ADR**

25          The Court refers all civil rights cases filed by pro se individuals to early Alternative

26  Dispute Resolution (ADR) to try to resolve such cases more expeditiously and less expensively.

27  *See also* Local Rule 270.  Attempting to resolve this matter early through settlement now would

28  save the parties the time and expense of engaging in lengthy and costly discovery and preparing

substantive dispositive motions.  The Court therefore will STAY this action for 60 DAYS to allow the parties an opportunity to investigate Plaintiff's claims, meet and confer, and engage in settlement discussions, or agree to participate in an early settlement conference conducted by a magistrate judge.  If after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may file a notice to opt out of the early settlement conference.

Accordingly, it is **ORDERED**:

1.     This action will remain **STAYED until further order** to allow the parties an opportunity to settle their dispute.  Defendant may, but is not required, to file a response to the Second Amended Complaint during the stay.  The parties may not file other pleadings or motions during the stay period.  Further, the parties shall not engage in formal discovery until the Court issues a Scheduling and Discovery Order.

2.     No Later than March 2, 2026, the parties shall file a notice if they object to proceeding to an early settlement conference or if they believe that settlement is not currently achievable.

3.     If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

4.     If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160.

Dated:     December 29, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5